IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,369-04






EX PARTE BRUCE L. CHRISTENSEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2001-CR-4986 IN THE 226
TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault and received three concurrent sentences of thirty years. The Fourth Court
of Appeals affirmed his conviction. Christensen v. State, No. 04-02-00397-CR (Tex. App.-San
Antonio, delivered July 16, 2003, no pet.).

 Applicant contends that his plea was involuntary because his trial counsel advised him that
he had been charged with ten counts of aggravated sexual assault. In a separate ground, applicant
contends that count nine of the indictment in his case alleged sexual assault, not aggravated sexual
assault. As a result, he contends that his sentence of thirty years for count nine is illegal. Instead, he
contends that he should have been sentenced to two to twenty years.

 The trial court concluded that applicant's sentence for count nine was illegal and
recommended granting relief. We believe, however, that applicant has alleged facts regarding
counsel's performance that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S.
608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 30, 2006

Do not publish